# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Daniel Jones,**
**Plaintiff Below, Petitioner**

**vs)   No. 13-0051** (Grant County 11-C-73)

**Asa Kisamore, West Virginia Division of Highways,**
**Carroll Cook, and Donna Cook, Defendants Below,**
**Respondents**

**FILED**

November 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Daniel Jones, appearing *pro se*, appeals the order of the Circuit Court of Grant County, entered December 13, 2012, that ruled in respondents' favor on the parties' cross motions for summary judgment and determined that petitioner may not replace cattle guards with gates across the right of way known as Germany Hollow Road, a "[S]tate maintained roadway." Respondents Asa Kisamore and West Virginia Division of Highways, by counsel John D. Athey, filed a summary response. Respondents Carroll Cook and Donna Cook, by counsel Duke A. McDaniel, also filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner owns a one-half undivided interest in a thirty-two acre tract that is the servient estate of a right of way known as Germany Hollow Road in Grant County, West Virginia.[1] On October 25, 2011, petitioner filed a complaint the circuit court interpreted as seeking a declaratory judgment. Petitioner sought to replace the cattle guards[2] that cross Germany Hollow Road with gates so that he could use his tract to raise sheep.[3] Petitioner also complained that the cattle guards made it more difficult to travel along Germany Hollow Road on his horse.

---

[1] The circuit court found the tract was thirty-two acres. However, petitioner states that the tract consists of only thirty-one acres because one acre of the tract was sold in or about 1982.

[2] A cattle guard is "a device consisting of a shallow ditch across which ties or rails are laid far enough apart to prevent livestock from crossing that is often used instead of a gate at a fence opening." *Hoffman v. Smith*, 172 W. Va. 698, 700 n. 1, 310 S.E.2d 216, 217 n. 1 (1983) (quoting Webster's Third New International Dictionary 354 (1970)).

[3] The circuit court found that cattle guards do not deter sheep as easily as they do cattle.

1

Subsequently, petitioner filed motions for summary judgment on May 29, 2012, and June 26, 2012, arguing that a contractual obligation existed to maintain closed gates across Germany Hollow Road. Respondents Asa Kisamore and West Virginia Division of Highways (collectively, "the DOH")[4] filed a motion for summary judgment on September 17, 2012. The DOH stated that Germany Hollow Road was a public road. On September 25, 2012, Respondents Carroll Cook and Donna Cook ("the Cooks"), who are adjoining landowners, filed a motion for summary judgment asserting that petitioner could not obstruct a public road with livestock or by erecting gates.

The Cooks subsequently filed a motion to have the circuit court view Germany Hollow Road on October 5, 2012. On October 10, 2012, the circuit court held a holding at which the court informed all parties that it desired to view the road before ruling on the pending motions. With the parties' agreement, the circuit court viewed the property on October 18, 2012. The circuit court took judicial notice of the fact that during its view of Germany Hollow Road, the road did not have gates.

In an order entered December 19, 2012, the circuit court ruled on the parties' cross motions for summary judgment. The circuit court first noted that petitioner's chain of title originated in a 1928 partition that resulted from the settlement of the estate of C.C. Burgess. In 1929, the special commissioners granted petitioner's thirty-two acre tract to Mr. Burgess's widow Martha J. Burgess and made it a servient estate to the remaining tract consisting of 238 acres:

> . . . [T]hat the said [thirty-two] acres was allotted and assigned to the said widow upon the condition that the right of way from the same to and from and over said [thirty-two] acres, more or less, if such road is not actually a county road or should cease to be used a county road, . . . with the right to the owners and purchasers [of the 238 acres] to use the same in connection with the use of the said 238 acres, more or less, and all subdivisions and parts thereof.

After the death of Mrs. Burgess, the thirty-two acre tract was sold at public auction to settle her estate, subject to the right of way that was in the partition deed to Mrs. Burgess. The purchaser of the tract at the public auction eventually sold it to petitioner's parents who subsequently deeded the tract to petitioner and his brother. The 238 acre dominant estate was sold in 1929 by the special commissioners at public auction to R.E. Crites and F.E. Maske.

In 1931, Mr. Crites and Mr. Maske divided the 238 acre dominant estate between themselves. After this initial division by Mr. Crites and Mr. Maske, the 238 acre dominant estate was subsequently further subdivided. Based on a 1989 deed petitioner submitted with his

---

However, the circuit court further found that petitioner did not own a flock of sheep which would require gates. On appeal, petitioner states that while he does not have any sheep at present, he intends to obtain sheep once he is allowed to put gates across Germany Hollow Road.

[4] Mr. Kisamore is a DOH official.

appendix, it appears that the Cooks are among Mr. Crites's and Mr. Maske's successors-in-interest.

The Crites-Maske deeds refer to the use of "gates" on the property and keeping those gates closed. However, the circuit court determined that petitioner was not entitled to enforce the Crites-Maske deeds and, therefore, had no right to place gates across Germany Hollow Road:

> [Petitioner's] chain of title originated from the same C.C. Burgess partition, however, the Special Commissioners did not insert the gate language into the deed for the dominant estate, rather it was a contractual agreement between [Mr.] Crites and [Mr.] Maske which occurred after the 238 acre tract was conveyed to these parties. This was a private agreement among the two contracting parties and did not appear to be done for the benefit of the servient 32 acre estate. While [petitioner] is correct that one of those gates would be located on the property boundary of [petitioner's] tract, [petitioner] shares no privity of contract with the owners of the property and this agreement was made after [petitioner's] tract was separated from the 238 acre parcel.

The circuit court found that the fact that there was no express language permitting gates in petitioner's chain of title distinguished the case at bar from *Hoffman v. Smith*, 172 W. Va. 698, 310 S.E.2d 216 (1983).[5]

Accordingly, the circuit court ruled in respondents' favor and determined that petitioner may not replace cattle guards with gates across Germany Hollow Road for the following reasons: (1) there was no express language permitting gates in petitioner's chain of title; (2) the utilization of a gate on Germany Hollow Road would be burdensome on the dominant estate inasmuch as there are permanent residences on the dominant estate beyond petitioner's property which is the servient estate; (3) Germany Hollow Road does not presently have gates across it; and (4) Germany Hollow Road is a "[S]tate maintained roadway." The circuit court ordered that the DOH was required to maintain the cattle guards that cross Germany Hollow Road. Petitioner now appeals the circuit court's December 19, 2012, order that ruled in respondents' favor on the parties' cross motions for summary judgment.

In Syllabus Point One, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994), this Court held that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Pursuant to Rule 56(c) of the West Virginia Rules of Civil Procedure, summary judgment is proper when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

---

[5] In *Hoffman v. Smith*, 172 W. Va. 698, 310 S.E.2d 216 (1983), this Court found that the owners of the servient estate were allowed to have gates across a right of way because of express language in the easement that permitted the use of gates. There was also no claim in *Hoffman* that the right of way was a public road.

3

matter of law." Furthermore, "[s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party[.]" Syl. Pt. 4, in part, *Painter*.

On appeal, petitioner argues that the circuit court should be reversed and he should be allowed to place two gates across Germany Hollow Road at the boundaries of his tract. The DOH counters that it has never agreed to the placement of gates across a public road where the adjoining property owners have objected to the same.[6]

After careful consideration of the record, this Court determines that no rational trier of fact would find in petitioner's favor for the reasons the circuit court gave in its order. This Court concludes that the circuit court did not err in granting respondents summary judgment and in ruling that petitioner may not place gates across Germany Hollow Road.

For the foregoing reasons, we affirm.

Affirmed.


**ISSUED:**   November 12, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[6] The Cooks's argument is substantially similar to that of the DOH.